

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0169-22

### SHOLUNDA KEAIRRA FRANKLIN, Appellee

### V.

### THE STATE OF TEXAS

### ON STATE'S PETITION
### FOR DISCRETIONARY REVIEW
### FROM THE TYLER COURT OF APPEALS
### GREGG COUNTY

*Per curiam.*

### O P I N I O N

Appellee was charged by indictment with two counts of forgery. Each count

alleged that she made a writing that purported to be a one-hundred dollar bill, each with a

different serial number. Appellee moved to quash the indictment, arguing that it failed to

provide adequate notice and allege felony offenses because (1) the value of the property obtained by the actor determines the level of offense for forgery under Texas Penal Code § 32.21(e-1) and, even so, (2) the aggregate two hundred dollar amount alleged in the indictment falls below the property value set forth in Section 32.21(e-1) for a felony conviction. TEX. PENAL CODE § 32.21(e-1). The trial court granted the motion to quash and dismissed the indictment. The State appealed.

On appeal, the State argued that section 32.21(e-1) is a discretionary provision which the State did not elect to invoke and, alternatively, because the indictment on its face alleged complete felony offenses, there was no way for the trial court to determine whether the case involved facts which would trigger section 32.21(e-1) without impermissibly looking beyond the face of the indictment. The Tyler Court of Appeals adopted and followed the holding and analysis in *State v. Green*, 613 S.W.3d 571 (Tex. App.–Texarkana 2020), in which the Texarkana Court upheld a trial court's order quashing an indictment in similar circumstances. *State v. Franklin*, No. 12-21-00001-CR (Tex. App.–Tyler March 9, 2022)(not designated for publication). The State filed a petition for discretionary review, noting that this Court had granted the State's petition for discretionary review in *Green* to consider whether the value ladder in section 32.21(e-1) is mandatory and whether a defendant's non-statutory purpose for committing forgery is an element of the offense under section 32.21(e), that had to be pled and proved at trial under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The State sought discretionary

review in the instant case on the same grounds.

The Court has now issued an opinion in *Green*, which was ultimately consolidated with another case from the Texarkana Court raising identical issues. *Green & Lennox*, PD-1182-20 & PD-1213-20 slip op. (Tex. Crim. App. Jan. 17, 2024). The court of appeals did not have the benefit of our opinion in *Green & Lennox* when it adopted and followed the Texarkana Court's opinion in *Green.* We grant the State's petition, vacate the judgment of the court of appeals, and remand this cause to the court of appeals for further proceedings consistent with our opinion in *Green & Lennox.*

DELIVERED:  February 28, 2024
DO NOT PUBLISH